UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MARK VAN DEN HEUVAL,<br><br>  Plaintiff,<br><br>  v.<br><br>EL DORADO COUNTY OFFICIALS, et al.,<br><br>  Defendants. | No.  2:23-cv-01523-DAD-DB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 8) |

Plaintiff John Mark Van den Heuvel is a former county detainee proceeding *pro se* and with an application to proceed *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636 (b)(1)(B) and Local Rule 302.

On December 1, 2023, the court dismissed and closed this action due to plaintiff's failure to obey a court order.  (Doc. No. 6.)  That same day, judgment was entered.  (Doc. No. 7.)

On December 13, 2023, plaintiff filed a lengthy document titled "The Clarifications of Errors," which is largely indecipherable.  (Doc. No. 8.)  Nevertheless, the court will construe this filing as a motion for reconsideration of the court's December 1, 2023 order.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment

on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Here, plaintiff's motion does not identify any basis under Rule 60(b) upon which this court should reconsider its order dismissing this action due to plaintiff's failure to comply with a court order and closing this case. The court will therefore deny plaintiff's motion for reconsideration of the court's December 1, 2023 order.

Accordingly,

1. Plaintiff's motion for reconsideration (Doc. No. 8) is denied;
2. This case shall remain closed; and
3. No further filings will be entertained in this closed case.

IT IS SO ORDERED.

Dated: __**December 23, 2023**__  _____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE